**Jeffrey M. Edelson, OSB No. 880407**
JeffEdelson@MarkowitzHerbold.com
**Lawson E. Fite, OSB No. 055573**
LawsonFite@MarkowitzHerbold.com
**Molly K. Honoré, OSB No. 125250**
MollyHonoré@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730
Telephone: (503) 295-3085
Fax:  (503) 323-9105

        Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **GRETCHEN BROOKS**, an individual,<br><br>                              Plaintiff,<br><br>        v.<br><br>**HARLON RIP CASWELL**, an individual, **RIP CASWELL SCULPTURES, INC.**, an Oregon corporation d/b/a **CASWELL GALLERY**, an Oregon assumed business name, and **CASWELL PROPERTIES, LLC**, a Washington limited liability company, and **DOES 1-5**,<br><br>                              Defendants. | No. 3:14-cv-01232-AC<br><br>**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COUNTERCLAIMS** |

        Plaintiff Gretchen Brooks ("Brooks"), by counsel, enters the following Answer and

Affirmative Defenses to the Second Amended Counterclaims filed by defendants Harlon Rip

Caswell, Rip Caswell Sculptures, Inc. ("RCS"), and Caswell Properties, LLC:

**Page 1 -  PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COUNTERCLAIMS**

## ANSWER TO FIRST COUNTERCLAIM

1.

In response to paragraph 70, Brooks reincorporates the allegations in her Complaint. To the extent a response may be deemed required to any averments or allegations in paragraphs 1-69, Brooks denies the allegations.

2.

The allegations in paragraph 71 are legal conclusions which require no response. To the extent a response may be deemed required, Brooks denies the allegations.

3.

Brooks admits the allegations in paragraph 72.

4.

In response to the allegations in paragraph 73, Brooks admits that RCS repudiated its payment obligations on or about August 6, 2012. Brooks denies the remaining allegations.

5.

In response to the allegations in paragraph 74, Brooks admits that her counsel prepared a draft proposed surrender agreement in February 2013, but denies the remaining allegations.

6.

The allegations in paragraph 75 are legal conclusions which require no response. To the extent a response may be deemed required, Brooks denies the allegations.

7.

Brooks admits the allegations in the first sentence of paragraph 76. The remaining allegations in paragraph 76 purport to characterize Brooks' Complaint, which speaks for itself and is the best evidence of its contents.

8.

The allegations in paragraph 77 are legal conclusions which require no response. To the extent a response may be deemed required, Brooks denies the allegations.

**Page 2 -   PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
          AMENDED COUNTERCLAIMS**

9.

The allegations in paragraph 78 are legal conclusions which require no response. To the extent a response may be deemed required, Brooks denies the allegations.

10.

Brooks denies the allegations in paragraph 79.

11.

Brooks denies the allegations in the first and second sentences of paragraph 80. The allegations in the third sentence of paragraph 80 are too vague to permit Brooks to formulate a reasonable response. Brooks denies any remaining allegations.

12.

The allegations in paragraph 81 are legal conclusions which require no response. To the extent a response may be deemed required, Brooks denies the allegations.

13.

The allegations in paragraph 82 describe defendants' claims and require no response. To the extent a response may be deemed required, Brooks denies the allegations and that defendants are entitled to the relief requested.

14.

The allegations in paragraph 83 describe defendants' claims and require no response. To the extent a response may be deemed required, Brooks denies the allegations.

15.

The allegations in paragraph 84 are legal conclusions which require no response. To the extent a response may be deemed required, Brooks denies the allegations.

16.

The allegations in paragraph 85 are legal conclusions which require no response. To the extent a response may be deemed required, Brooks denies the allegations.

/ / /

/ / /

/ / /

**Page 3 -  PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COUNTERCLAIMS**

**ANSWER TO SECOND COUNTERCLAIM**

17.

In response to paragraph 86, Brooks reincorporates the allegations in her Complaint.  To the extent a response may be deemed required to any averments or allegations in paragraphs 1-85, Brooks denies the allegations.

18.

The allegations in paragraph 87 are legal conclusions which require no response.  To the extent a response may be deemed required, Brooks denies the allegations.

19.

The allegations in paragraph 88 are legal conclusions which require no response.  To the extent a response may be deemed required, Brooks denies the allegations.

20.

The allegations in paragraph 89 are legal conclusions which require no response.  To the extent a response may be deemed required, Brooks denies the allegations.

**GENERAL DENIAL**

21.

Except as specifically admitted herein, Brooks denies each any every allegation of the Counterclaims.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to state a claim)**

22.

One or both of defendants' Counterclaims fail to state a claim upon which relief may be granted.

/ / /

/ / /

/ / /

**Page 4 -  PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COUNTERCLAIMS**

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

23.

One or both of defendants' Counterclaims have been waived, expressly or by conduct.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

24.

One or both of defendants' Counterclaims are barred by the doctrine of estoppel, including promissory, equitable, and judicial estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Material breach)

25.

Defendants' material and egregious breaches of the 2011 Settlement Agreement excuse performance by Brooks, to the extent Brooks could be found to have breached any provision of the Agreement (a contention Brooks specifically denies).

## FIFTH AFFIRMATIVE DEFENSE

### (Substantial performance)

26.

Defendants' Counterclaim for breach of contract is barred, even if defendants could show any breaches by Brooks, because Brooks has substantially performed all her obligations under the Agreement.

## SIXTH AFFIRMATIVE DEFENSE

### (Misrepresentation)

27.

Defendants' Counterclaims are barred, in whole or part, by defendants' own fraud or negligent misrepresentation.

**Page 5 -  PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COUNTERCLAIMS**

## SEVENTH AFFIRMATIVE DEFENSE

### (Release)

28.

Defendants' Counterclaims are barred, in whole or part, by the doctrine of release, specifically including the 2011 Settlement Agreement.

## EIGHTH AFFIRMATIVE DEFENSE

### (Defendants' own conduct)

29.

Defendants' Counterclaims are barred, in whole or part, because any damages claimed were caused by defendants' own conduct.

## NINTH AFFIRMATIVE DEFENSE

### (Acts of non-parties)

30.

Defendants' Counterclaims are barred, in whole or part, because any damages to defendants were caused by the acts of persons who are not parties to this lawsuit, including defendants' agents or attorneys.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean hands)

31.

Defendants' equitable Counterclaims are barred by defendants' inequitable conduct, including defendants' fraud and misrepresentation.

## RESERVATION OF RIGHTS

32.

Brooks reserves the right to add additional affirmative defenses, or otherwise to amend her Answer, based on information received during discovery.

WHEREFORE, Brooks prays that defendants take nothing by their Counterclaims, that defendants' Counterclaims be dismissed with prejudice, that the Court enter judgment in favor of

**Page 6 -   PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COUNTERCLAIMS**

Brooks on the Counterclaims, including Brooks' costs and disbursements herein, including attorney fees, and the Court grant such further relief as the Court may allow.

DATED this 30th day of March, 2015.

MARKOWITZ HERBOLD PC


By:   *s/ Molly K. Honoré*
Jeffrey M. Edelson, OSB No. 880407
Lawson E. Fite, OSB No. 055573
Molly K. Honoré, OSB No. 125250
(503) 295-3085
Of Attorneys for Plaintiff Gretchen Brooks

**Page 7 -  PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND
AMENDED COUNTERCLAIMS**