UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

GRETCHEN BROOKS, an individual,

                Plaintiff,

    v.

HARLON RIP CASWELL, an individual, RIP CASWELL SCULPTURES, INC., an Oregon corporation d/b/a CASWELL GALLERY, an Oregon assumed business name, CASWELL PROPERTIES, INC., a Washington limited liability company, and DOES 1-5,

                Defendants.

Case No.: 3:14-cv-1232-AC

OPINION AND ORDER

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Gretchen Brooks ("Brooks") loaned over five million dollars to Rip Caswell

Sculptures, Inc., d/b/a Caswell Gallery ("Caswell Gallery"), and Caswell Properties ("Caswell Properties"), entities controlled by Harlon Rip Caswell ("Caswell"), to facilitate development of Caswell's sculpture business. (Compl. ¶ 1.) Caswell Gallery, Caswell Properties, and Caswell (collectively "Defendants") failed to repay the loans. (Compl. ¶ 1.) Brooks filed an action in state court against Defendants which the parties ultimately settled. (Compl. ¶ 1.) Pursuant to the settlement agreement (the "Agreement"), Caswell Gallery executed a $650,000 promissory note payable to Brooks (the "Note"). (Compl. ¶ 1.) When Caswell Gallery defaulted on the Note, Brooks filed this action against Defendants seeking "to obtain the full settlement which defendants' wrongful actions deprived her." (Compl. ¶ 1.)

Brooks moves to amend the complaint to add Caswell Gardens, LLC ("Caswell Gardens") as an additional defendant, supplemental allegations supporting her breach of the good faith and fair dealing, and a new theory relating to the remedy provision of the Note. Defendants object to the addition of Caswell Gardens as a defendant but not to the other proposed amendments.

The court finds Brooks's attempt to amend the complaint to assert claims against Caswell Gardens is futile. Brooks is unable to assert a claim against Caswell Gardens based on representations made in 2011, more than three years before Caswell Gardens was organized; a claim for conversion in the absence of allegations Caswell Gardens had control over the allegedly converted property; or a claim for elder financial abuse based on the alleged misrepresentations or conversion of Brooks's property. Further, Brooks has not alleged the requisite involvement in, or benefit from, tortious activity to support joint liability, or the improper conduct and inability to collect necessary to support an alter ego claim. Accordingly, Brooks's motion to amend the

complaint to add Caswell Gardens as a defendant is denied without prejudice.[1]  As Defendants have not objected to the remainder of Brooks's proposed amendments, the motion to amend is granted in all other respects.

*Legal Standard*

After the initial pleading stage, a plaintiff may amend his "pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a) (2014).[2]  "Although the rule should be interpreted with 'extreme liberality,' leave to amend should not be granted automatically."  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  A trial court may deny the motion if permitting amendment would prejudice the opposing party, produce an undue delay in litigation, result in futility for lack of merit, is sought by plaintiffs in bad faith or with a dilatory motive, or the plaintiffs have filed numerous amended complaints.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.

---

[1] The parties have consented to jurisdiction by magistrate judge in accordance with 28 U.S.C. § 636(c)(1).  The Doe defendants named in Brooks's complaint do not affect consent.  *See Alfano v. Farley*, 3:12-cv-02319-PK, 2014 WL 1660667, at *1-*2 (D. Or. April 25, 2014)(Simon J., holding consent not required from unserved parties, full consent to magistrate judge jurisdiction existed under 28 U.S.C. § 636 (c)).  Furthermore, "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored.  However, situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint.  In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Brooks has had nearly a year to discover the names of the Doe defendants and, with the exception of Caswell Gardens which is the subject of the current motion, has not amended the complaint to name them.  Accordingly, the court dismisses Doe 1-5 from this action.

[2] The court did not set a deadline for the parties to amend their pleadings in this case so FED. R. CIV. P. 15(a), not FED. R. CIV. P. 16(b)(4), provides the relevant standard.  *See In Re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013).

1987). Prejudice to the opposing party carries the "greatest weight" in determining whether to deny leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Whether to grant leave to amend lies within the sound discretion of the trial court. *Webb*, 655 F.2d at 979. In exercising this discretion, however, the court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Id*.

*Discussion*

In the proposed amended complaint ("Proposed Complaint"), Brooks alleges Caswell Gardens is a limited liability company organized by Caswell in late 2014 and that Defendants "have transferred substantial property and money to Caswell Gardens in an attempt to shield those assets from litigation." (Fite Decl. Ex. 1 at 3, 7.) Brooks characterizes Caswell Gardens as a "mere shell and alter ego" of Defendants. (Fite Decl. Ex. 1 at 7.) Brooks further alleges Caswell Gardens "acted in concert" with Defendants with regards to all actions described in the Proposed Complaint. (Fite Decl. Ex. 1 at 7.) Brooks alleges claims for fraud and negligent misrepresentation based on representations made during settlement negotiations; a claim for conversion based on the failure to maintain the molds serving as collateral for the Note, and a claim for elder financial abuse based on the alleged misrepresentations and conversion.[3]

I. Prejudice

Defendants argue the addition of an entirely new defendant places the current deadlines in jeopardy and is extremely prejudicial to Defendants. The current discovery deadline was April 30, 2015, and the current dispositive motion deadline is May 30, 2015. Days before filing her motion

---

[3] Brown also alleges claims for breach of contract and breach of the duty of good faith and fair dealing against Caswell Gallery which are not relevant here.

to amend the complaint, Brooks filed a motion to extend these deadlines by two and a half months. Brooks seek the production of additional documents necessary to allow her to prepare for her own deposition, as well Caswell's deposition, and additional time to complete these depositions. Some of the additional discovery relates to amended counterclaims filed by Defendants on March 12, 2015. Additionally, Brooks claims the scope of her deposition will be affected by the ruling on Defendants' pending motion to compel.

In their response, Defendants acknowledge the need to extend the fact discovery to allow for the completion of three scheduled depositions, the last of which is scheduled for June 18, 2015, and the resolution of issues relating to Defendants' financial and sales documents. Defendants propose extending the dispositive motion deadline to June 30, 2015, but represent they still hope to file their summary judgment motion on May 29, 2015.

Caswell, who has yet to be deposed, likely will provide the majority of information relating to Caswell Gardens and its assets. This may be supplemented by the discovery Brooks seeks, and has yet to receive, with regard to Defendants' financial and sales documents. Accordingly, the addition of Caswell Gardens as a defendant is unlikely to result in additional, or duplicative, discovery requests from Brooks. Defendants do not identify any additional discovery they will require if Caswell Gardens is added as a defendant and the court is hard-pressed to identify any itself. To the extent Caswell Gardens is responsible for Defendants' actions as an alter ego or conspirator, Caswell Gardens's interests have been adequately represented by Defendants in the discovery process to date.

Defendants acknowledge the need to extend the current deadlines to allow for the depositions of at least three parties and to resolve the pending and expected motions to compel. The proposed

addition of Caswell Gardens as a party did not create the need for additional time to complete discovery. Accordingly, Defendants' assertion the addition of a new defendant places the existing deadlines in jeopardy is not supported by the record. Furthermore, it appears Caswell Gardens's interests are similar to Defendants and have been adequately represented in the discovery process. Defendants have not offered any evidence to the contrary. The court finds Defendants will not be prejudiced if Caswell Gardens is added as a defendant.

II.  Undue Delay

Caswell Gardens was organized in October 2014,[4] yet Brooks did not seek to add Caswell Gardens as a defendant until April 2015. Defendants contend this constitutes undue delay.

Brooks does not offer evidence of the point in time she became aware of Caswell Gardens's existence. Even assuming Brooks learned of Caswell Gardens on the date it was organized, the only transfer of property from Defendants to Caswell Gardens identified by Brooks was not recorded until November 19, 2014. It is unlikely Brooks was aware of the transfer before this date and Defendants do not offer any evidence to the contrary. Brooks forwarded a copy of the Proposed Complaint to Defendants on late March 2015, just four months after the property transfer was recorded.

This case is still in the discovery phase. The parties agree the current discovery and dispositive motion deadlines should be extended, even though they disagree over the length of an extension, and no trial dates have been set. The court finds this four-month period delay is not "undue" in these circumstances.

/ / / / /

---

[4] Caswell Garden's Articles of Organization were filed with the Oregon Secretary of State on October 7, 2014.  (Fite Decl. Ex. 2.)

III. Futility

The Proposed Complaint alleges Caswell Gardens has "acted in concert with regard to all actions described herein." (Fite Decl. Ex. 1 at 7.) The first two claims alleged in the Proposed Complaint are based on representations made to induce Brooks to sign the Agreement in September 2011.[5] The Proposed Complaint specifically alleges Defendants misrepresented Caswell Gallery's intent to pay on the Note, Caswell Gallery's intent to comply with the Agreement's requirements regarding the molds, and the value of the molds. (Fite Decl. 1 at 8.) Caswell Gardens was organized in October 2014. Therefore, Caswell Gardens could not have participated in or been responsible for any representations made before September 2014. Caswell Gardens can not be held accountable for the representations alleged to have induced Brooks to agree to, and execute, the Agreement. Accordingly, any attempt to add Caswell Gardens as a viable defendant on these claims is futile.

The conversion claim is based on Defendants' failure to maintain the molds, the sole collateral for the Note, as required under the Agreement. To succeed on a conversion claim under Oregon law, a plaintiff must prove "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the full value of the chattel." *Mustola v. Toddy*, 253 Or. 658, 663 (1969)(adopting the definition of conversion found in Restatement (Second) of Torts §222A(1) (1965)). "A secured creditor with the right to possession of the collateral after default may maintain an action for conversion against one who has exercised unauthorized acts of dominion over the property to the exclusion of the creditor's rights." *Oregon Bank v. Fox*, 73 Or. App. 612, 615 (1985).

Brooks alleges Defendants transferred assets to Caswell Gardens to shield them from

---

[5]The Agreement was signed in September 2011. (Fite Decl. Ex. 1 at 4.)

litigation.  Brooks does not allege Defendants transferred the molds to Caswell Gardens or that Caswell Gardens exercised, or is exercising, any dominion or control over the molds.  In the absence of such allegations, Brooks's claim for conversion against Caswell Gardens is futile.

In support of her claim for elder financial abuse, Brooks alleges Defendants "wrongfully took [her] property and money via misrepresentation and conversion."  (Fite Decl. Ex. 1 at 11.)  As discussed above, Caswell Gardens, which was not in existence in 2011 when the Agreement and Note were signed, can not be held liable for representations made with regard to those documents and Brooks fails to allege Caswell Gardens possesses or controls the molds.  Brooks has failed to state a claim for elder financial abuse against Caswell Gardens.

In her reply brief, Brooks argues Caswell Gardens had a role "in defendants' ongoing breaches of contract and the duty of good faith and fair dealings."  (Pl.'s Reply in Supp. of Mot. for Leave to Amend at 3.)  However, Brooks's claims for breach of contract and the duty of good faith and fair dealing are against Caswell Sculptures only, not against Caswell Gardens, making Caswell Gardens's role in the breaches irrelevant.

Additionally, Brooks argues that by holding assets previously owned by Defendants, Caswell Gardens aided and assisted in the commission of a tort and is jointly liable for Defendants' tortious conduct.  Oregon recognizes one may be jointly liable for the torts of another if he acts tortiously in concert with another pursuant to a common design; knows the other's conduct constitutes a breach of duty and gives substantial assistance; or gives substantial assistance in accomplishing a tortious result when his own conduct separately constitutes a breach of duty to the person harmed. *Granewich v. Harding*, 329 Or. 47, 53-55 (1999) (joint liability under theories in Restatement (Second) of Torts §876 (1979)).  Additionally, one who benefits from the commission of tort by

another may become jointly liable merely by approving of the tortious act after it is done. *Id*. at 54 (citing *Perkins v. McCullough*, 36 Or. 146 149 (1899)).

Brooks has not alleged Caswell Gardens participated in, or gave substantial assistance, to Defendants in 2011 when they engaged in the torts of fraudulent representation or misrepresentation. Brooks also has not alleged Caswell Gardens has benefitted from, or approved of, these tortious acts. Brooks alleges Defendants transferred assets to Caswell Gardens, which is arguably a "benefit" to Caswell Gardens, but has not alleged the transferred assets resulted from Defendants' tortious conduct in 2011. Brooks's conversion claim alleges defendants, including Caswell Gardens, failed to maintain the molds and deprived Brooks of the ability to possess the molds. To the extent this claim alleges current conduct, Caswell Gardens could be a participant in the tortious activity. However, Brooks does not allege Caswell Gardens is in possession of the molds or has engaged in any conduct with regard to the molds. Therefore, based on the allegations of the Proposed Complaint, Caswell Gardens did not engage in, or give substantial assistance to others engaging in, tortious conduct. Brooks fails to allege facts supporting her claim Caswell Gardens conspired with Defendants and is joint liable for the damages resulting from Defendants' tortious conduct.

Finally, Brooks refers to Caswell Gardens as the alter ego of Defendants and alleges Defendants are transferring assets to Caswell Gardens to shield the assets from litigation. Apparently, Brooks seeks to add Caswell Gardens as a defendant to increase the asset pool from which she may collect any judgment entered in her favor in this case. Oregon law requires a plaintiff to plead an alter ego theory of recovery as a separate claim in their complaint. *Amfac Foods, Inc. v. Int'l Systems & Controls Corp.*, 294 Or. 94, 104 n.12 (1981). Furthermore, "the plaintiff must allege and prove not only that the debtor corporation was under the actual control of the shareholder

but also that the plaintiff's inability to collect from the corporation resulted from some form of improper conduct on the part of the shareholder." *Id.* at 108. In this action, Brooks seeks access to assets transferred by Defendants to Caswell Gardens in the event Defendants are unable to pay the judgment. In the typical alter ego claim, a plaintiff seeks access to the assets of a sole shareholder to recover a judgment against the corporation, making the applicability of the alter ego theory in this context questionable. However, even assuming the alter ego theory would apply here, Brooks has failed to allege Defendants are unable to pay any judgment that may be issued in favor of Brooks in this action, or that the transfers of assets from Defendants to Caswell Gardens resulted from improper conduct.

Brooks is unable to state a claim against Caswell Gardens for representations made in 2011 to induce Brooks to agree to the terms of the Agreement as Caswell Gardens was not organized until 2014. Brooks fails to allege Caswell Gardens has possessed or controlled the molds and, therefore, fails to state a claim for conversion against Caswell Gardens. Brooks's attempt to assert a claim for elder financial abuse against Caswell Gardens fails for these same reasons. Based on the allegations of the Proposed Complaint, it does not appear Caswell Gardens participated in, substantially assisted, or benefitted from Defendants' alleged tortious conduct and, therefore, may not be held jointly liable for the damage resulting from such conduct. Finally, Brooks has failed to allege the required elements for an alter ego claim. The court finds Brooks's motion to amend the complaint to add Caswell Gardens is futile. However, it does appear Brooks could allege at least one viable claim against Caswell Gardens. Consequently, Brooks will be allowed the opportunity to amend her complaint to add Caswell Gardens as a defendant.

/ / / / /

IV.  Bad Faith

Defendants assert Brooks's attempt to add Caswell Gardens as a defendant is "an attempt to harass Mr. Caswell, and continue to escalate the expenses in this lawsuit."  (Defs.' Mem. in Opp'n to Pl.'s Mot. for Leave to Amend Compl. at 4.)  Brooks explained the reasons for her delay in naming Caswell Gardens as a defendant.  Caswell Gardens was not in existence at the time this action was initially filed.  Further, the facts supporting Brooks's allegation that Defendants are transferring assets to Caswell Gardens to shield those assets from litigation, as evidenced by the transfer of real property from Caswell to Caswell Gardens, occurred after this action was filed.  Defendants have not offered evidence in support of their claim Brooks's actions are based on a improper motive.  The court finds Brooks's motion to add Caswell Gardens as a defendant is not sought in bad faith.

*Conclusion*

Brooks's motion (#49) to amend is DENIED without prejudice with regard to the addition of Caswell Gardens as a defendant, and is GRANTED in all other respects.  Defendants identified as Does 1-5 are dismissed from this action.

DATED this 30th day of June, 2015.

    /s/  John V. Acosta
    JOHN V. ACOSTA
    United States Magistrate Judge