UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GRETCHEN BROOKS, an individual, | Case No. 3:14-cv-01232-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| HARLON RIP CASWELL, an individual, RIP CASWELL SCULPTURES, INC., an Oregon corporation d/b/a CASWELL GALLERY, an Oregon assumed business name, and CASWELL PROPERTIES, LLC, a Washington limited liability company, and DOES 1-5, | |
| Defendants. | |

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Gretchen Brooks ("Brooks") brings this action against Rip Caswell Sculptures, Inc., d/b/a Caswell Gallery, Caswell Properties, LLC, and Harlon Rip Caswell (collectively "Defendants") stemming from a prior lawsuit which was resolved when the parties entered into a Settlement

PAGE 1 - OPINION AND ORDER

Agreement and Mutual Release dated September 21, 2011 (the "Agreement"). In their Second Amended Answer, Defendants assert an affirmative defense that Brooks breached the Agreement by failing to engage in good faith mediation prior to filing this lawsuit. Brooks argues the defense is moot, the mediation requirement does not apply, an exception to the mediation requirement excuses her filing the lawsuit before mediation, and Defendants waived the defense.

Currently before the court is Brooks's motion to strike the affirmative defense under Federal Rule of Civil Procedure 12(f) ("Rule 12(f)"). Brooks alternatively moves for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") and partial summary judgment under Federal Rule of Civil Procedure 56(a) ("Rule 56(a)").[1] The court finds Brooks's Rule 12(f) motion is untimely, Defendants' affirmative defense is not moot because relief could be granted, Defendants did not waive the defense, and whether an exception applies to the Agreement's mediation requirement is a question of fact. Accordingly, the court denies Brooks's motion.

*Background*

Brooks loaned more than five million dollars to Defendants to facilitate development of Harlon Rip Caswell's sculpture business. (Am. Compl. ¶ 1.) Defendants failed to repay the loan. (Am. Compl. ¶ 1.) Brooks filed a lawsuit in state court against Defendants, which the parties ultimately settled. (Am. Compl. ¶ 1.) Pursuant to the Agreement, Rip Caswell Sculptures, Inc. ("RCS"), executed a nonrecourse promissory note in the amount of $650,000 payable to Brooks (the "Note"), and a security agreement governing the collateral for the Note (the "Security Agreement"). (Am. Compl. ¶¶ 1, 51.) RCS defaulted on the Note on August 6, 2012. (Am. Compl. ¶ 31.)

---

[1] Although Brooks moves for partial summary judgment under Federal Rule of Civil Procedure 56(d), the proper vehicle is Rule 56(a), so the court will construe the motion as one under Rule 56(a).

PAGE 2 - OPINION AND ORDER

Brooks filed this action on July 31, 2014, seeking "to obtain the full settlement which defendants' wrongful actions deprived her." (Compl. ¶ 2). Brooks alleged claims for fraudulent and negligent misrepresentations which induced her to execute the Agreement; breach of the Agreement, Note, and Security Agreement; breach of the duty of good faith and fair dealing implied in the Agreement;[2] common-law conversion; and statutory elder financial abuse. (Compl. ¶¶ 29-57.)

Immediately after filing this lawsuit, Brooks sent a "courtesy" copy of the complaint to Defendants but did not officially serve the complaint on Defendants at that time. (Fite Decl. dated April 3, 2015, (ECF No. 46) ("Fite Decl.") ¶ 4.) The July 31, 2014 cover letter accompanying the complaint explained:

> Enclosed is a courtesy copy of the complaint filed by Gretchen Brooks today against Mr. Caswell, Rip Caswell Studio, Inc., and Caswell Properties, LLC. Plaintiff is refraining at this time from formal service of the summons and complaint. This is to allow the parties to mediate and outlined in section 31 of the September 21, 2011 Settlement Agreement and Mutual Release. Because of concerns regarding a potential statute of limitation, it was necessary to file the complaint without delay, consistent with the provision of section 31 allowing the parties to take actions necessary to protect their rights.
>
> Plaintiff hereby demands mediation under section 31. Plaintiff proposes the following mediators" Jeff Batchelor (Portland), Teresa Wakeen (Seattle). Please let us know if you wish to propose alternate mediators or locations.
>
> Please contact us at your earliest opportunity so we can get a mediation scheduled within the next 30 days as required by the settlement agreement.

(Seidl Decl. dated March 16, 2015 (ECF No. 42) Ex. 5.)[3]  On September 2, 2014, the parties

---

[2] In her First Amended Complaint, Brooks also alleges a claim for violation of the statutory duty of good faith and fair dealing applicable to the Note and Agreement. (Am. Compl. ¶¶ 55- 60.)

[3] The Seidl Declaration, filed in support of Defendants' motion to compel discovery, offered this cover letter as an exhibit. Brooks quotes the cover letter in her memorandum in support of her motion to strike Defendants' affirmative defense, citing to the Seidl Declaration exhibit.

PAGE 3 - OPINION AND ORDER

unsuccessfully engaged in mediation for three hours before retired Multnomah County Circuit Judge Douglas Beckman. (Fite Decl. ¶¶ 6-7.) Brooks served Defendants, through a waiver of summons, effective September 4, 2014. (Fite Decl. ¶ 8.)

In their initial answer, filed October 7, 2014, and first amended answer, filed October 31, 2014, Defendants asserted counterclaims alleging that Brooks breached the Agreement by failing to mediate in good faith prior to filing suit. (Def.'s Answer ¶ 86; Def.'s Am. Answer ¶ 73.) In their Second Amended Answer, filed March 12, 2015, Defendants asserted this theory as an affirmative defense for the first time, alleging the Agreement required Brooks to engage in good faith mediation before filing a lawsuit, and Brooks breached this condition by filing this lawsuit without notice or engaging in mediation. (Def.'s Second Am. Answer ¶¶ 68-69.) The relevant section of the Agreement provides:

> If any dispute, controversy, or claim arises out of or relat[es] to this Agreement, the Parties agree first to try in good faith to settle the dispute by non-binding mediation before resorting to arbitration, litigation, or some other dispute resolution procedure . . . . No Party shall be obligated to attend more than one mediation session to fulfill any good faith requirement under this Paragraph, and in the event mediation does not settle the dispute, each Party retains all rights to seek to resolve the dispute through the court process. Nothing in this Paragraph shall prevent either Party from seeking emergency relief, including injunctive relief, from a court in the event a Party reasonably believes that such relief is necessary to protect his, her, or its rights under this Agreement. In addition, this Paragraph does not in any way affect or inhibit Plaintiff's right to enforce any rights under the Promissory Note or Brooks Security Agreement in the event of a default thereunder without mediation or court or other legal process.

(Hahs Decl. dated Dec. 11, 2014, (ECF No. 16)("Hahs Decl.") Ex. A at 24.)[4]

Defendants contend Brooks's failure to mediate before filing this action violates this

---

[4]The Hahs Declaration, filed in support of Defendants' motion for summary judgment, offered copies of the Agreement, Note, and Security Agreement as exhibits. The Agreement, Note, and Security Agreement are referenced in the Complaint and are properly before the court.

provision and, therefore, her claims arising out of or relating to the Agreement should be dismissed. Brooks filed her reply to Defendants' Second Amended Answer on March 30, 2015, and her motion to strike Defendants' affirmative defense on May 1, 2015.

*Legal Standard*

I.  Rule 12(f) Motion to Strike

Under Rule 12(f), a party may move to strike an affirmative defense for insufficiency before responding to a pleading or, where no response is allowed, within twenty-one days after the moving party is served with a pleading. FED. R. CIV. P. 12(f). In the alternative, a court may strike a defense on its own motion. *Id.* A court should grant a Rule 12(f) motion to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). However, Rule 12(f) motions "are disfavored and infrequently granted" by the courts. *Legal Aid Servs. of Or. v. Legal Srvs. Corp.*, 561 F. Supp. 2d 1187, 1190 (D. Or. 2008).

In *Hayden v. U.S.*, No. 3:14-cv-1060-AC, 2015 WL 350665 (D. Or. Jan. 26, 2015), this court applied the "plausibility" pleading standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and explained in *Ashcroft v. Iqbal*, 556 U.S. 5662 (2009), to affirmative defenses. In doing so, this court rejected the application to Rule 12(f) of the fair notice standard articulated in *Wyshak v. City Nat'l Bank*, 607 F.2d 824 (9th Cir. 1979). Under the *Twombly* and *Iqbal* standard, an affirmative defense must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

II. Rule 12(c) Motion for Judgment on the Pleadings

A court may grant partial judgment on the pleadings in a Rule 12(c) motion when the non-moving party fails "to state a legal defense to a claim." FED. R. CIV. P. 12(h)(2)(B). Because Rule 12(c) and Federal Rule of Civil Procedure 12(b)(6) are "functionally identical," courts must apply "the same standard of review" to both motions. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.5 (9th Cir. 2011).

A pleading must contain "enough [factual allegations] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The proposition that a court must accept all allegations in a complaint does not force a court to accept allegations which are mere labels or legal conclusions as true. *Id.* Facts do not need to be detailed, and the "complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 555-56. As long as the allegations of the non-moving party are plausible and a reasonable inference can be drawn, the motion must be denied. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

The court's review is limited to the face of the pleading, any documents referenced in the pleading, and those matters which the court may properly take judicial notice. *Schwartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). If matters outside the pleadings are considered, the motion shall be treated as one for summary judgment. FED. R. CIV. P. 12(d).

III. Rule 56(a) Motion for Partial Summary Judgment

Under Federal Rule of Civil Procedure 56(a), a party may move for partial summary judgment on a defense. "The standard and procedures for a motion for partial summary judgment are the same as for summary judgment of a claim." *U.S. v. Mohalla*, 545 F. Supp. 2d 1035, 1039

(C.D. Cal. 2008). The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catret*, 477 U.S. 317, 323-24 (1986). Material facts are facts that affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where the moving party fails to meet its burden, the facts are viewed in the light most favorable to the non-moving party, *Scott v. Harris*, 550 U.S. 372, 380 (2007), and if a reasonable jury could find for the non-moving party, partial summary judgment is not proper, *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

*Discussion*

Defendants allege in their ninth affirmative defenses that Brooks's claims should be dismissed based on her failure to engage in good faith mediation prior to filing this action. Brooks moves to strike Defendants' affirmative defense as moot, observing that the parties already engaged in unsuccessful mediation. Brooks also contends the mediation requirement does not apply to this case, an emergency relief exception justifies her failure to engage in mediation before filing this lawsuit, and Defendants waived the defense by engaging in extensive litigation. Defendants deny Brooks's allegations and argue the motion is untimely.

I.  Timeliness

Brooks's motion is untimely for two reasons. First, she filed her Rule 12(f) motion after she filed a responsive pleading to Defendants' Second Amended Answer. A party must file a Rule 12(f) motion before responding to a pleading. Brooks's motion thus is untimely under this part of Rule 12(f).

Second, Brooks filed her Rule 12(f) motion well beyond the time limit specified in the rule. A party must file a Rule 12(f) motion within twenty-one days after being served with a pleading.

PAGE 7 - OPINION AND ORDER

Defendants filed the Second Amended Answer on March 12, 2015, but Brooks did not file her Rule 12(f) motion until May 1, 2015, forty-nine days later. Brooks's motion is therefore untimely for this additional reason.

Although Rule 12(f) allows a court on its own initiative to strike an insufficient defense, the court may not do so if the moving party has filed responsive pleading before filing its Rule 12(f) motion. *See Culinary & Serv. Emps. Union v. Hawaii Emp. Benefit Admin.*, 688 F.2d 1228, 1232 (9th Cir. 1982) (district court committed error by striking counts from amended complaint on its own initiative where defendants "had already filed their answer to the complaint"). *See also Winnemem Wintu Tribe v. U.S. Forest Serv.*, No. 2:09-CV-1072 KJM KJN, 2013 WL 1325423, at *3-4 (E.D. Cal. Mar. 29, 2013) (*Culinary* requires a Rule 12(f) motion "to precede the filing of a responsive pleading to be timely").

Accordingly, Brooks's Rule 12(f) motion is denied.

II.  Mootness

Brooks moves in the alternative under Rule 12(c) for partial judgment on the pleadings against Defendants' mediation defense because the defense is moot. Brooks observes the parties already have attended one mediation session, as the Agreement requires. The Agreement specifies "[n]o Party shall be obligated to attend more than one mediation session to fulfill any good faith requirement."  (Hahs Decl. Ex. A at 24.)  Defendants do not dispute the parties engaged in mediation, but they do not seek to compel Brooks to attend another mediation. Instead, Defendants seek dismissal of Brooks's claims for failure to satisfy a condition precedent to the filing of those claims.

The Agreement specifies: "If any . . . claim arises out of or relat[es] to this Agreement, the Parties agree first to try in good faith to settle the dispute by non-binding mediation *before* resorting to . . . litigation." (Hahs Decl. Ex. A at 24.) (emphasis added). Where a contract requires mediation as a condition precedent to litigation, courts may dismiss the claim. *E.g., Brosnan v. Dry Cleaning Station, Inc.*, No. C-08-02028 EDL, 2008 WL 2388392, at *1 (N.D. Cal. June 6, 2008) ("[f]ailure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal"); *Dalameter v. Anytime Fitness, Inc.*, 722 F. Supp. 2d 1168, 1180-81 (E.D. Cal. 2010) (dismissing the suit even though "[t]here is no dispute that the parties have not engaged in mediation . . . . Delameter failed to satisfy the condition precedent necessary to trigger the right to initiate litigation"); *Stone & Webster, Inc. v. Ga. Power Co.*, 968 F. Supp. 2d 1, 9-10 (D.D.C. 2013) (dismissing the suit "where a contractual condition precedent to filing suit [was] satisfied *after* the [p]laintiffs file[d] suit").

Federal Rule of Civil Procedure 3 provides an action commences when the complaint is filed with the court. Brooks filed this action with the court *before* engaging in mediation. Because the suit commenced before mediation began and Defendants seek dismissal of Brooks's claims based on her failure to satisfy this condition precedent, Defendants could obtain the relief sought in their mediation defense. Accordingly, Brooks's Rule 12(c) motion for partial judgment on the pleadings is denied on this ground.

III. Applicability of the Mediation Requirement

Brooks argues the mediation requirement does not apply to this dispute because her claims arise out of Defendants' default under the Note. The mediation provision specifies the parties must

first engage in mediation before a lawsuit is filed, but also states the provision "does not in any way affect or inhibit Plaintiff's right to enforce any rights under the Promissory Note or Brooks Security Agreement in the event of a default thereunder without mediation[.]" (Hahs Decl. Ex. A at 24.) Defendants contends the mediation requirement is a condition precedent that bars Brooks's claims because they arise out of or relate to the Agreement.

"A condition precedent is one that must be performed before liability arises. . . ." *Vision Realty, Inc. v. Kohler*, 214 Or. App. 220, 224 (2007) (quoting *Falkenstein v. Pashioneri*, 80 Or. App. 203, 206 (1986)). To determine whether the mediation clause is a condition precedent, a court "appl[ies] ordinary principles of contract interpretation, subject to a presumption in favor of [mediation]." *Gemstone Builders, Inc. v. Stutz*, 245 Or. App. 91, 95 (2011). If "the text of the disputed provision, in the context of the document as a whole . . . is clear, the analysis ends." *Yogman v. Parrott*, 325 Or. 358 (1997). "If a contract is . . . susceptible to more than one reasonable interpretation . . . [or its] provisions are mutually inconsistent regarding a subject, the contract is ambiguous as to that subject . . . ." *Gemstone*, 245 Or. App. at 96 (quoting *Batzer Constr., Inc. v. Boyer*, 204 Or. App. 309, 313 (2006); citing *Alpine Mountain Homes v. Bear Creek Homes*, 202 Or. App. 390, 398 (2005); citing *Portland Fire Fighters' Ass'n v. City of Portland*, 181 Or. App. 85, 91 (2002)). "Whether terms of a contract are ambiguous is a question of law." *Yogman*, 35 Or. at 361 (quoting *Eagle Indus., Inc. v. Thompson*, 321 Or. 398, 405 (1995).

Extrinsic evidence must be considered if the contract is found to be ambiguous. *Gemstone*, 245 Or. App. at 96 (citing *Yogman*, 35 Or. at 363). "[L]acking any extrinsic evidence of the parties' intent, we resolve the ambiguity by applying maxims of construction that favor [mediation]."

PAGE 10 - OPINION AND ORDER

*Gemstone*, 245 Or. App. at 95.  Where both parties' "intepretation[s] of the contract [are] plausible, the contract is ambiguous . . . [, and where] the parties offer[] competing extrinsic evidence bearing on the meaning of the ambiguous contract provisions, ascertaining the contract's meaning in light of that evidence is a question of fact."  *Adair Homes, Inc. v. Dunn Carney Allen Higgins & Tongue, LLP*, 262 Or. App. 273, 282 (2014).

The mediation provision is unambiguous with regard to claims arising out of or relating to the Agreement.  Brooks alleges Defendants' false or negligent misrepresentations of their intent to pay the Note induced her to "sign the Agreement, and to provide releases of indebtedness therein."  (Am. Compl. ¶¶ 37, 42.)  While the alleged misrepresentations related to Defendants intent to pay the Note and the value of the collateral covered by the Security Agreement, Brooks misrepresentation claims are based on her execution of the Agreement and, therefore, arise out of or are related to the Agreement.  Similarly, Brooks's claim for breach of the implied duty of good faith and fair dealing is based on a duty implied in the Agreement, not the Note or Security Agreement, and arise out of the Agreement.  The mediation provision is a condition precedent to Brooks pursuing these claims.

On the other hand, the mediation provision is ambiguous when considered in conjunction with the language allowing Brooks to enforce any rights under the Note and Security Agreement in the event of default thereunder without mediation.  Brooks construes to language to waive the mediation requirement for claims implicating both the Agreement and the Note or Security Agreement.  Defendants read the language to mean mediation is waived when remedies provided in the Note and Security Agreement are being enforced, such as the right to take possession of and

sell the collateral provided in the Security Agreement. Both constructions are reasonable, creating an ambiguity. In resolving the ambiguity, the court must consider extrinsic evidence of the parties' intent not currently before it.

The mediation provision agreement is an unambiguous condition precedent to any claim arising out of or related to the Agreement. Brooks has alleged at least one claim that arises out of or is related to the Agreement, making the mediation provision applicable to this action. Accordingly, Brooks's argument the mediation provision does not apply to this action is without merit.

IV.  Exception to the Mediation Requirement

If mediation is a condition precedent to litigation, Brooks contends she is excused from complying with the condition. The Agreement provides "[n]othing in this Paragraph shall prevent either Party from seeking emergency relief, including injunctive relief, from a court in the event a Party reasonably believes that such relief is necessary to protect his, her, or its rights under this Agreement." (Hahs Decl. Ex. A at 24.) Brooks asserts she filed her lawsuit before pursuing mediation to avoid the application of impending statutes of limitations and to protect her rights under the Agreement. This action, Brooks argues, constituted "emergency relief" under the Agreement that excused her failure to first engage in mediation with Defendants. In response, Defendants contend Brooks's own inaction and lack of diligence in filing her lawsuit almost two years after Defendants defaulted on the Note created the need for "emergency relief." This, Defendants contend, creates an issue of fact that precludes granting Brooks judgment on the pleadings.

A factual dispute exists whether Brooks may invoke the emergency relief provision in the

Agreement. In the absence of evidence supporting the parties contentions, this factual dispute is not properly resolved at this time. Accordingly, Brooks's motion to strike Defendants' mediation defense based on application of the emergency relief provision is denied.

V.  Defendants' Asserted Waiver of the Mediation Defense

Brooks argues Defendants waived their mediation defense by engaging in extensive litigation before asserting the defense in the Second Amended Answer. "Under Oregon law, a waiver is the intentional relinquishment of a known right." *Ass'n Or. Corr. Emps. v. State*, 353 Or. 170, 183 (2013) (citing *Johnson v. Swaim*, 343 Or. 423, 431 (2007); *Waterway Terminals Co., v. P. S. Lord Mech. Contractors*, 242 Or. 1, 27 (1965)). Waiver "cannot be inferred from his words or conduct, except from a clear and unequivocal act manifesting that intent." *Anderson v. Divito*, 138 Or. App. 272, 282 (1995) (citing *Bank of Eastern Or. v. Griffith*, 101 Or. App. 528, 534 (1990)). The party's act must be "a clear, unequivocal, and decisive act . . . showing such a purpose." *Ass'n Or. Corr. Emps.*, 353 Or. at 183 (quoting *Waterway Terminals*, 242 Or. at 27).

Brooks argues Defendants intentionally relinquished the defense by aggressively participating in litigation, including their acts of filing a motion for summary judgment, engaging in discovery, and filing a motion to compel discovery. None of these acts, individually or collectively, constitute the "clear, unequivocal, and decisive" act which shows a purpose by Defendants to abandon their mediation defense. In fact, Defendants' actions in this lawsuit have been consistent with preserving their position that Brooks's failure to engage in pre-lawsuit mediation violated the parties' Agreement. Defendants preserved the theory in the answer filed October 7, 2014, asserting as a counterclaim Brooks's alleged breach of contract by filing the lawsuit "without first complying with

the Dispute Resolution provision requiring mediation before filing a lawsuit." (Answer at 15.) To the extent Brooks relies on Defendants' actions in defending against and responding to claims not arising out of or related to the Agreement, motions to compel, and motion to disqualify counsel, that reliance is misplaced. These actions were unrelated to the Brooks's claims clearly subject to the condition precedent; preserving their mediation defense does not require Defendants to forego defending themselves against Brooks's other claims and motions.

Accordingly, the court finds Defendants have not waived their mediation affirmative defense.

*Conclusion*

For the reasons stated above, Brooks's motion (# 60) is DENIED.

IT IS SO ORDERED.

DATED this 3rd day of September, 2015.

                        /s/John V. Acosta
                        JOHN V. ACOSTA
                        United States Magistrate Judge