IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GRETCHEN BROOKS, an individual, | Civ. No. 3:14-cv-01232-AC |
| Plaintiff, | AMENDED OPINION AND ORDER |
| v. | |
| HARLON RIP CASWELL, and individual, RIP CASWELL SCULPTURES, INC., an Oregon corporation d/b/a CASWELL GALLERY, an Oregon assumed business name, and CASWELL PROPERTIES, LLC, a Washington limited liability company, | |
| Defendants. | |

ACOSTA, Magistrate Judge:

*Introduction*

This case arises out of a dispute between plaintiff Gretchen Brooks ("Brooks") and Rip Caswell Sculptures, Inc., d/b/a/ Caswell Gallery ("RCS"), Caswell Properties, LLC, and Harlon Rip Caswell ("Caswell") (collectively "Defendants"). (Am. Compl., ECF. No. 80, at 1–2.) Presently

before the court is Defendants' Motion to Dismiss or, in the Alternative, for a More Definite Statement (the "Motion").

*Background*

Brooks loaned Defendants funds to facilitate the development of Caswell's sculpture business. (Am. Compl. ¶ 1.) Defendants failed to repay the loan. (*Id.*) Brooks then filed a lawsuit in state court against Defendants, which the parties ultimately settled. (*Id.*) Pursuant to the resulting Settlement Agreement and Mutual Release ("Settlement Agreement") RCS executed a nonrecourse promissory note in the amount of $650,000 payable to Brooks (the "Note"). (*Id.*) The Note was secured by a lien on several molds used by Caswell to cast sculptures. (*Id.* at ¶ 17.) RCS defaulted on the Note on August 6, 2012. (*Id.* at ¶ 31.)

Brooks filed her initial complaint in this action on July 31, 2014, seeking "to obtain the full settlement which defendants' wrongful actions deprived her" (the "Initial Complaint"). (Initial Compl., ECF. No.1, ¶ 2.) Defendants filed an initial answer on October 7, 2014, (Answer, ECF No. 8,) and an amended answer on October 31, 2014, (First Am. Answer, ECF No. 11.) Defendants then filed a motion for summary judgment, which they subsequently withdrew. (Defs.' Mot. for Summ. J., ECF No. 14.) Following discovery, Defendants once again amended their answer. (Second Am. Answer, ECF No. 39.)

On June 30, 2015, Brooks filed an Amended Complaint after receiving leave to amend from the court (the "Amended Complaint"). (Am. Compl.) The amendment introduces fourteen of the Amended Complaint's sixty-eight paragraphs. (*Id.* ¶¶ 10, 18, 20, 23–25, 30, 32, 34, 37, 51, 55, 58–59.) The majority of the additional allegations provide minor corrections or supplement existing information, adding detail or specificity to pre-existing claims. For example, paragraphs twenty-

three and twenty-four summarize general provisions of the Settlement Agreement, which had been already introduced in the Initial Complaint. (*Id.* ¶¶ 23, 24). Chief among the substantive changes in the Amended Complaint is an additional allegation in the First Claim for Relief that Defendants falsely represented the value of the molds. (*Id.* at ¶ 37.) Additionally, a second count was added to the Fourth Claim for Relief, related to Brooks's reasonable expectation defendants would sell and produce more copies of sculptures. (*Id.* at ¶ 58–59).

On June 17, 2015, before answering the Amended Complaint, Defendants filed the Motion currently before the court. (Motion, ECF No. 84.) The Motion challenges the sufficiency of the First, Second, Fifth, and Sixth Claims for Relief, and count one of the Fourth Claim for Relief of the Amended Complaint. In the alternative, Defendants move for a more definite and certain statement.

*Legal Standards*

I. Motion to Dismiss Under FED. R. CIV. P. 12(b)(6)

When considering a motion for failure to state a claim, the court is limited in the evidence it may consider. *Am. Family Ass'n, Inc. v. City & County of S.F.,* 277 F.3d 1114, 1120 (9th Cir. 2002). The court may consider the pleadings themselves, exhibits physically attached to the complaint, and matters of which the court may take judicial notice. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). For all other factual matters, the court must assume all allegations in the complaint are true and draw all "reasonable inferences in favor of the nonmoving party." *Holden v. Hagopian*, 978 F.2d 1115, 1118 (9th Cir. 1992).

Rule 12(b) requires that a motion to dismiss "must be made *before* pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b) (2015) (emphasis added). Generally, the Ninth Circuit regards post-answer 12(b) motions to dismiss as untimely. *Elvig v. Calvin Presbyterian Church*,

375 F.3d 951, 954 (9th Cir. 2004); *Fed. Agr. Mortgage Corp. v. It's A Jungle Out There, Inc.*, No. C 03-3721 VRW, 2005 WL 3325051, at *4 (N.D. Cal. Dec. 7, 2005).

A motion to dismiss filed after an answer should instead be treated as a motion for judgment on the pleadings. FED. R. CIV. P.12(c) (2015); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). A motion for judgment on the pleadings may be filed only after the pleadings are closed, and procedurally premature motions should be denied. FED. R. CIV. P. 12(c); *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005). Pleadings are considered closed once both a complaint and answer have been filed. FED. R. CIV. P 12(c). If counterclaims are filed, those too must be answered before the pleadings are closed. *Id.*

II. Motion for More Definite Statement Under FED. R. CIV. P. 12

A court will grant a motion for a more definite statement when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e) (2015). If the allegations in a complaint are sufficient to survive a motion for failure to state a claim under Rule 12(b)(6), a motion for more definite statement is an alternative device to clarify otherwise vague and indefinite allegations. *Bowles v. Glick Bros. Lumber Co.,* 146 F.2d 566, 568 (9th Cir. 1945). Mere vagueness is generally not grounds for dismissal. *Harman v. Valley Nat. Bank of Ariz.,* 339 F.2d 564, 567 (9th Cir. 1964). Rather, a motion for a more definite statement "attacks unintelligibility in a pleading, not simply mere lack of detail." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (citation omitted). Thus, a motion for a more definite statement should not be granted unless a defendant "literally cannot frame a responsive pleading." *Id.* (citing *Boxall v. Sequoia Union High Sch. Dist.*, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979)).

*Discussion*

I. Motion to Dismiss Under FED. R. CIV. P. 12(b)(6)

As the rule directs, any motion asserting a 12(b) defense must be made before filing an answer. FED. R. CIV. P. 12(b). However, this general principle is complicated if the original complaint is amended. Whether amending a complaint revives a defendant's opportunity to file a motion to dismiss after he or she has already filed an answer to the original complaint appears to be an issue of first impression in the Ninth Circuit. The weight of authority elsewhere, however, establishes that although an amended complaint ordinarily supercedes the original pleading, it does not automatically revive defenses and objections a defendant has waived in response to the original complaint. *Gilmore v. Shearson/Am. Exp. Inc.*, 811 F.2d 108, 112 (2d Cir. 1987), *overruled on other grounds by McDonnell Douglas Finance Corp. v. Pennsylvania Power & Light Co.*, 849 F.2d 761 (2d Cir. 1988). Rather, a defendant may attack only new allegations or claims not contained in the original complaint. *See Sears Petroleum & Transport Corp. v. Ice Ban America, Inc.,* 217 F.R.D. 305, 307 (N.D.N.Y. 2003) ("While it is true that an amended complaint ordinarily supersedes a prior complaint, and renders it of no legal effect[,][i]t is also true that if the amended complaint also contains new matter, the defendant may bring a second motion under Rule 12 to object to the new allegations only." (citations omitted)); *Fed. Agr. Mortgage Corp.*, 2005 WL 3325051, at *5; *Keefe v. Derounian,* 6 F.R.D. 11, 13 (N.D. Ill. 1946) ("[I]f the amendment to the complaint contains new matter which, had it originally been in the complaint, would have allowed the defendant to object by motion, the defendant's right to object by motion [] cannot have been waived."); CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1388 (3d ed. 2004) ("The filing of an amended complaint will not revive the right to present by motion defenses that were

available but were not asserted in a timely fashion prior to the amendment of the pleading; conversely, a Rule 12 defense that becomes available because of new matter in the amended complaint may be asserted by motion.").

Case law to the contrary is sparse. In one unpublished opinion, the Ninth Circuit affirmed a district court's ruling on a motion to dismiss even though the defendant had previously filed an answer and moved for summary judgment. *Adesanya v. I.N.S.*, No. 92-15338, 1993 WL 210801, at *1 (9th Cir. June 16, 1993). The appellate court offered no discussion of the issue, noting only "the motion was a proper response to [plaintiff]'s amended complaint." *Id*. This precedent was apparently unpersuasive, however, for the District Court for the Northern District of California, which in *Fed. Agr. Mortgage Corp.*, stated "the Ninth Circuit has not [yet] had occasion to apply this principle," before it adopted an interpretation that post-answer motions to dismiss on amended complaints are untimely. 2005 WL 3325051, at *5.

Allowing a post-answer motion to dismiss on an amended complaint where the amendment merely substantiates existing claims would render the Rule 12(b) restriction on post-answer motions meaningless. As such, this court follows many other circuits and district courts across the country which have held that an amended complaint does not revive the right to file a post-answer motion to dismiss, with the exception that new claims may be attacked.

Defendants answered the Initial Complaint not once, but three times. Defendants then filed the Motion to Dismiss, quite plainly in violation of Rule 12(b). As such, the Motion is untimely and, accordingly, is denied.

Defendants, however, argue the "claims [in the First and Amended Complaints] are not the same,"(Defs.' Reply in Supp. of Mot. to Dismiss at 3,) and that the amending of the Initial

Complaint reopened the door to file a motion to dismiss. Thus, the dispositive question becomes whether Brooks's amendments to the Initial Complaint so transformed one or more of the claims in the Amended Complaint as to restore Defendants' opportunity to file a motion to dismiss.

A seminal case on this issue, *Keefe v. Derounian,* 6 F.R.D. 11, 13 (N.D. Ill. 1946), clarified the extent to which a complaint must be altered by the amendment to revive a defendant's opportunity to file a post-answer motion to dismiss. In *Keefe*, the amendment to the original complaint "merely corrected an insufficient allegation." *Id.* at 6. Consequently, the amendment did not "revive the defendant's right to challenge the sufficiency of the complaint." *Id.*

Moreover, not all "new matter" added in an amendment to a complaint is sufficient to revive a defendant's right to file a post-answer motion to dismiss. *In re Morrison*, 421 B.R. 381, 386 (Bankr. S.D. Tex. 2009). In *In re Morrison,* although an amended complaint contained "new and specific fraud allegations to bolster [a plaintiff's] previously asserted fraud claims[,]" the new allegations "did not create a new basis" on which to assert a failure to state a claim defense by post-answer motion. *Id.* As a result, the motion to dismiss was held untimely. *Id.*

Here, as in *Keefe*, the amendments to the Initial Complaint appear merely to correct insufficient allegations and flesh out arguments that were previously bare. Though the Amended Complaint does include an additional count to the Fourth Claim, Defendants' Motion does not challenge this newly added count. The only new matter attacked by the Motion is an added clause in the First Claim for Relief that alleges Defendants falsely represented the value of the molds. This allegation is not an independent basis for any new claim for relief. Instead, it lends support to the pre-existing First Claim, which Defendants have already answered multiple times. Under *In re*

*Morrison*, the inclusion of this allegation, which merely bolsters a previously asserted claim, does not create a new basis on which to assert a post-answer motion to dismiss.

Defendants next attempt to distinguish their Motion by noting they previously asserted failure to state a claim in their answers to the Initial Complaint. It is true several courts have entertained post-answer Rule 12(b) motions to dismiss so long as the motions were based on grounds that were previously asserted as defenses in the answer. *See e.g.*, *Molnycke Health Care AB v. Dumex Med. Surgical Prods. Ltd.*, 64 F.Supp.2d 448, 449, n.1 (E.D. Pa 1999) (allowing such a motion); *Telesca v. Long Island Hous. P'ship, Inc.*, 443 F.Supp.2d 397, 405 (E.D.N.Y. 2006) (allowing such a motion); *contra Byrne v. Nezhat,* 261 F.3d 1075, 1093, n.35 (11th Cir. 2011) (refusing to allow such a motion). However, the Ninth Circuit has held post-answer 12(b) motions on original complaints are untimely where there is no mention or reference to whether or not the defense on which the motion was based was asserted in the original answer. *Elvig*, 375 F.3d at 954. Furthermore, because a failure to state a claim defense is unwaivable, whether it was asserted in the answer is irrelevant to whether the post-answer motion is allowed. Here, the key issue is not the substance of the defense asserted, but rather *how* it is asserted. That Defendants' asserted a failure to state a claim defense in their initial answer neither preserved nor resurrects their right to file a post-answer motion to dismiss.

Defendants rightfully point out at least three district courts have nevertheless exercised their discretion and entertained untimely post-answer motions to dismiss on amended complaints for the sake of judicial economy. *Miller v. Fuhu Inc.*, No. 2:14 CV-06119 CAS, 2015 WL 2085490, at *6 (C.D. Cal. May 4, 2015); *Fed. Agr. Mortgage Corp.*, 2005 WL 3325051, at *5; *In re Morrison,* 421 B.R. at 386. However, with both the procedural posture and equitable considerations of this case in

mind, evaluating the merits of the Motion cuts against judicial economy here. Both parties have continued to mount procedural sieges against one another, most of which have failed to result in meaningful progress. Defendants had ample opportunity to move to dismiss the Initial Complaint, which they did not do. Further, the minor new allegation added in the Amended Complaint relates to Defendants' representation and treatment of the molds – a matter likely to be addressed by Defendants' pending motion for partial summary judgment on a similar issue.

Moreover, Defendants are not without recourse. The defense of failure to state a claim cannot be waived. The defense "may be raised: (A) in any pleading allowed . . . under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." FED. R. CIV. P. 12(h)(2) (2015). Here, though judgment on the pleadings under Rule 12(c) is not available since Defendants have not yet filed an answer to the Amended Complaint, and hence the pleadings are not yet closed, Defendants are free to assert the defense of failure to state a claim in their answer to the Amended Complaint, in a subsequent 12(c) motion for judgment on the pleadings, or at trial.[1]

Lastly, though Defendants maintain the Motion appropriately attacks only the legal cognizance of Brooks's claims, to do so, Defendants rely heavily on factual bases. Under the motion to dismiss standard, for factual matters, the court must assume all allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. Conversely, under a summary judgment standard, if the moving party can prove an absence of genuine issue of material fact, the burden of production shifts to the nonmoving party to go beyond the pleadings to identify facts that show a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

---

[1] The court notes, however, that the current Motion raises multiple fact issues which would be best addressed on a summary judgement motion, if any further motion practice on these issues is contemplated.

Here, the Motion's first argument posits Brooks's claims are "legally defect[ive]" because they "rest on a fundamentally flawed contention that defendant Rip Caswell Sculptures, Inc., did not comply with the . . . [N]ote." (Motion, at 2.) This is an issue that invokes facts beyond the pleadings, and thus is more appropriately raised by summary judgment.

II. Motion for More Definite Statement Under FED. R. CIV. P. 12

The Amended Complaint, against which Defendants move for a more definite statement, is hardly too vague or ambiguous to reasonably prepare a response. Nor is the Amended Complaint unintelligible. Further, as outlined above, the Amended Complaint contains more clarity and detail than the Initial Complaint, which Defendants were able to answer no less than three times. Defendants even filed a motion for summary judgment on the Initial Complaint. If Defendants were fully able to frame multiple responsive pleadings and a motion for summary judgment on the Initial Complaint absent the additional clarity provided by the amendment, it follows they are able now to respond sufficiently to the Amended Complaint. Accordingly, the motion for a more definitive statement is denied.

*Conclusion*

Defendants originally chose to assert a failure to state a claim defense not by motion but in their answers. Only after Brooks filed the Amended Complaint did they move to dismiss. The matter added by the amendment to the Initial Complaint did not alter the substance or grounds supporting the claims for relief asserted in the Initial Complaint. Therefore, because the Motion to Dismiss attacks allegations appearing previously in the Initial Complaint, the Motion is untimely and is DENIED. Defendants' alternative motion to make more definite and certain is also DENIED, given that even the Initial Complaint, which lacked as much detail and clarity as the Amended

Complaint, was sufficiently definite and certain for Defendants to prepare and file multiple answers and a motion for summary judgment.

DATED this 7th day of March, 2016.

                                                  JOHN V. ACOSTA
                                     United States Magistrate Judge